United States District Court
Southern District of Texas

**ENTERED**

June 15, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ANDREWS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:26-cv-3896 |
| | § | |
| **SINOBOOM NORTH AMERICA, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the Court[1] is *pro se* Plaintiff Christopher Andrews's ("Plaintiff") Employment Discrimination Complaint (ECF No. 1) and Application to Proceed In Forma Pauperis (ECF No. 2). The Court **RECOMMENDS** Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    Background

On May 15, 2026, Plaintiff, proceeding *pro se*, filed an Employment Discrimination Complaint (ECF No. 1) and an Application to Proceed In Forma Pauperis (ECF No. 2) against Defendant Sinoboom North America, LLC

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

("Sinoboom").  Plaintiff purports to bring a claim under Title VII of the Civil Rights Act of 1964, citing 42 U.S.C. § 2000e-5 as the basis for the Court's jurisdiction.  (ECF No. 1 at 1).  The Complaint consists of a pre-printed complaint form for employment discrimination, and Plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2025, and received a Notice of Right to Sue letter on January 22, 2026.  (*Id.*).

As for the basis for the alleged discrimination, the Complaint provides a checklist of protected characteristics—race, color, sex, religion, and national origin—but Plaintiff has left all of these boxes blank, indicating none of them. (*Id.* at 2).  Plaintiff checked boxes indicating that Sinoboom "terminated the plaintiff's employment" and committed "[d]iscrimination of disable[d] child, retaliation, and defamation [of] character."  (*Id.*)  In response to the form question asking "when and how the defendant discriminated against the plaintiff," Plaintiff wrote, "February 2025, refusing to keep time the same due to my child disability, promoting others, pay raise, false accusations, calling police while I was at work, unaware of termination, violation of HIPPA Law." (*Id.*).  For relief, Plaintiff requests that the Court order Sinoboom "to stop discriminating against [him]" and to "grant other relief, including injunctions,

damages, costs, and attorney's fees." (*Id.* at 2–4).  Notably, the form's "Original Complaint" page (Appendix B) is entirely blank.  (*Id.* at 3.)

## II.    Legal Standard

When a plaintiff proceeds in forma pauperis, the Court is required by statute to screen the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B).  That provision directs that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  This screening obligation applies even before the complaint is served on the defendant.  *See Ash v. Oxford Mississippi Police Dep't*, No. 3:21-cv-00163, 2021 WL 4979420, at *1 (N.D. Miss. Oct. 5, 2021).

To state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although *pro se* pleadings are to be liberally construed, the court may not excuse a complaint's failure to demonstrate a non-frivolous claim.  *Ash*, 2021 WL 4979420, at *1 (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

### III.   Discussion

### A. Failure to State a Claim

To state a claim for employment discrimination under Title VII, a plaintiff must allege, among other elements, that the adverse employment action was taken because of the plaintiff's race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("[T]he 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'") (emphasis in original). Identifying the protected characteristic that forms the basis of the discrimination claim is an essential element of a Title VII cause of action.  *Raj*, 714 F.3d at 330–31.

Here, the Complaint fails to state a claim upon which relief can be granted.  (ECF No. 1).  The pre-printed form complaint lists five protected characteristics under Title VII—race, color, sex, religion, and national origin— and requires a plaintiff to indicate which characteristic forms the basis of his discrimination claim; however, Plaintiff left every single box blank.  (*Id.* at 2). Nowhere in the Complaint does Plaintiff identify a protected characteristic under Title VII.  Accordingly, Plaintiff has not alleged facts sufficient to raise

4

a plausible inference that any adverse employment action was taken because of a protected characteristic under Title VII.

The alleged discrimination that Plaintiff describes regarding time-keeping, promotions, pay raises, false accusations, police contact, an unexpected termination, and an alleged HIPAA violation, does not state a claim under Title VII without an identified protected characteristic. *See Raj*, 714 F.3d at 331 (concluding that plaintiff failed to state a claim for disparate treatment under Title VII, where his "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on [his] race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably.").

Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ash*, 2021 WL 4979420, at *2 (recommending "Plaintiff's complaint be dismissed without prejudice for failure to state a non-frivolous claim and the Plaintiff's application to proceed in forma pauperis be denied as moot"); *Diamond v. Internal Revenue Serv.*, No. 19-cv-1006, 2019 WL 6872842, at *1 n.1 (S.D. Ala. Nov. 25, 2019), *report and recommendation adopted*, No. 19-cv-1006, 2019 WL 6842551 (S.D. Ala. Dec. 16, 2019) (recommending dismissal

without prejudice prior to service of process for failure to state a claim and noting plaintiff's in forma pauperis request was therefore moot).

## B. Leave to Amend

Because Plaintiff is proceeding *pro se*, his failure to meet the specific pleading requirements of Title VII should not automatically result in dismissal with prejudice to re-filing. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). While *pro se* plaintiffs generally should be afforded at least one opportunity to amend, exceptions exist when, for example, "the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* Additionally, the Court need not grant leave to amend, even to a *pro se* plaintiff, "if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Here, Plaintiff has not sought leave to amend his Complaint. Given his silence, it is unclear whether Plaintiff has pleaded his best case. *See Bishop v. Bennett*, No. 3:24-cv-126, 2024 WL 5330028, at *3 (S.D. Miss. Dec. 20, 2024), *report and recommendation adopted*, No. 3:24-cv-126, 2025 WL 209164 (S.D. Miss. Jan. 15, 2025) (comparing cases). It is possible that Plaintiff could identify a protected characteristic or provide additional allegations in support of his claim(s) if given the opportunity to amend. Out of an abundance of caution, and in light of Plaintiff's *pro se* status, the Court recommends that

6

Plaintiff be allowed fourteen (14) days from the entry of this Memorandum and Recommendation to file a motion seeking leave to amend his Complaint. If Plaintiff fails to seek leave to amend within that time period, the Court recommends that the Complaint be dismissed with prejudice. *See id.* at *3–4.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Employment Discrimination Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** unless Plaintiff timely files a motion seeking leave to amend his Complaint within fourteen (14) days of this Memorandum and Recommendation. If Plaintiff fails to timely move for leave to amend, the Court **RECOMMENDS** that the Complaint be **DISMISSED WITH PREJUDICE** and **FURTHER RECOMMENDS** that Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 2) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 15, 2026.

Richard W. Bennett
United States Magistrate Judge