United States District Court
Southern District of Texas
**ENTERED**
October 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER ANDREWS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-3896** |
| | § | |
| **SINOBOOM NORTH AMERICA, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Christopher Andrews's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 19), which the Court construes as a Motion for Leave to Appeal In Forma Pauperis ("IFP"). For the reasons below, the Court **RECOMMENDS** Plaintiff's motion (*id.*) be **DENIED**.

## I. Background

On May 15, 2026, Plaintiff, proceeding *pro se*, filed an Employment Discrimination Complaint (ECF No. 1) and an Application to Proceed In Forma Pauperis (ECF No. 2) against Defendant Sinoboom North America, LLC ("Sinoboom"). On June 15, 2026, the Undersigned issued a Memorandum and

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

Recommendation recommending that Plaintiff's Complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), unless Plaintiff timely moved for leave to amend. (ECF No. 9 at 1, 7). The Undersigned further recommended that, if Plaintiff failed to timely move for leave to amend, the Complaint be dismissed with prejudice and Plaintiff's Application to Proceed IFP be denied as moot. (*Id.* at 7). No objections were filed. On July 7, 2026, the District Judge adopted the Memorandum and Recommendation, dismissing Plaintiff's claims with prejudice and stating the order was a final judgment (ECF No. 12).

On August 4, 2026, Plaintiff filed what the Undersigned construed as a Motion for Reconsideration of the Court's July 7, 2026 Order and Final Judgment. (ECF Nos. 13–14). On August 25, 2026, the Undersigned issued a Memorandum and Recommendation recommending Plaintiff's Motion for Reconsideration be denied for failure to meet the standard of Federal Rule of Civil Procedure ("Rule") 59(e). (ECF No. 14). No objections were filed.

Plaintiff appealed on September 18, 2026. (ECF No. 15). A week later, the District Judge adopted the August 25 Memorandum and Recommendation and denied the motion for reconsideration. (ECF No. 17).

On October 6, 2026, the District Court Clerk issued notice of non-compliance because Plaintiff failed to pay the notice of appeal filing fee and

submit a transcript order form. (ECF No. 18).

On October 8, 2026, Plaintiff filed the instant Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 19), which the Court construes as a Motion for Leave to Appeal In Forma Pauperis ("IFP").

## II. Legal Standard

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[2] FED. R. APP. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). "Accordingly, in addition

[2] The Undersigned notes that Plaintiff was not granted IFP status in the underlying district court action. Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues." *Marsh v. U.S. Bank, N.A. as Tr. to LaSalle Bank Nat'l Ass'n*, No. 17-cv-00847, 2018 WL 5733193, at *1 (W.D. Tex. Sep. 24, 2018), *report and recommendation adopted*, No. 17-cv-847, 2018 WL 7283277 (W.D. Tex. Nov. 6, 2018) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)).

## III. Discussion

Plaintiff's application to proceed IFP on appeal demonstrates that he likely lacks the financial resources to prepay the costs of appeal. (ECF No. 19). Plaintiff states that his only source of income is approximately $890 per week in wages, and that he has approximately $1,140 in cash or savings and monthly expenses of approximately $2,390, as well as three dependents and a $60,000 debt/financial obligation. (*Id.* at 1–2). The Court finds these representations are sufficient to suggest financial eligibility for IFP status.

However, financial eligibility alone is insufficient. As discussed above, Plaintiff must also demonstrate that his appeal is taken in good faith—that is, it at least raises one non-frivolous issue. 28 U.S.C. § 1915(a)(3); *Howard*, 707 F.2d at 220 ("'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous.'").

Here, Plaintiff has failed to identify any non-frivolous issue for appeal because he does not claim an entitlement to redress or state the issues he intends to present on appeal. His filing that has been docketed as a notice of appeal, asserts factual allegations underlying his claim but does not demonstrate any entitlement to relief as a matter of law. (ECF No. 15)

As set forth in the Court's prior June 15 Memorandum and Recommendation and August 25 Memorandum and Recommendation, Plaintiff failed to state a claim and failed to meet the standard of Rule 59(e) for reconsideration, respectively. (ECF Nos. 9, 14). Plaintiff did not file objections to either ruling, and the District Judge adopted both recommendations in their entirety. (ECF Nos. 12, 17).

In light of this record, any appeal would be based on arguments that have already been considered and rejected. Further, the Court does not believe that Plaintiff's arguments have merit or would impact the outcome of this case. *See Badaiki v. Cameron Int'l Corp.*, No. 4:19-cv-371, 2021 WL 12301122, at *2 (S.D. Tex. Dec. 20, 2021) (finding an appeal of issues that the Court has no reason to believe have merit or would impact the outcome of the case are frivolous). As such, Plaintiff has not identified, and the Court cannot discern, any non-frivolous basis to challenge the dismissal. *See Braud v. Cain*, 354 F. App'x 72, 73 (5th Cir. 2009) (dismissing an appeal as frivolous where plaintiff

repeats claims that formed the basis of his complaint without identifying a new basis or argument for defendant's liability); *see also Garcia v. Filley*, No. 21-10614, 2022 WL 622332, at *1 (5th Cir. Mar. 3, 2022) ("In his IFP pleadings, Garcia merely repeats his claims that the defendant-judge is corrupt and biased; he does not meaningfully challenge the district court's reasons for the dismissal of his complaint or its certification that his appeal would not be in good faith.").

Accordingly, the Court concludes that Plaintiff's appeal is not taken in good faith under § 1915(a)(3).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's motion to proceed IFP on appeal (ECF No. 19). If Plaintiff wishes to proceed with his appeal, Plaintiff may either pay the filing fee or submit a motion in the court of appeals pursuant to FED. R. APP. P. 24(a)(5).[3]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b)

[3] The Federal Rules of Appellate Procedure and the Fifth Circuit Rules are available on the Fifth Circuit website under the "Rules & Procedures" tab, at https://www.ca5.uscourts.gov/. Plaintiff is encouraged to consult the Rules in advance of future filings.

and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 9, 2026.

Richard W. Bennett
United States Magistrate Judge